MATTER OF MENDOZA

In Deportation Proceedings

A-10852584

*Decided by Board June 22, 1965*

Since respondent, a native and citizen of Mexico, is not ineligible for a non-quota immigrant visa because of his conviction of receiving stolen property (of the value of $49) in violation of paragraph 492, Chapter 38, Illinois Revised Statutes of 1945, as amended July 5, 1957, which is classifiable as a petty offense within the purview of section 212(a)(9), Immigration and Nationality Act, as amended by section 13, Act of September 26, 1961, he is barred by the provisions of section 244(f)(3) of the Act from the discretionary relief of suspension of deportation.

CHARGES:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection (withdrawn).

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable —no visa.

The case comes forward on appeal from the order of the special inquiry officer entered April 5, 1965 denying the respondent's application for suspension of deportation under the provisions of section 244(a)(1) as amended, granting voluntary departure in lieu of deportation and further ordering that if the respondent failed to depart when and as required, he be deported to Mexico solely on the lodged charge.

The record relates to a native and citizen of Mexico, 39 years old, male, married, who last entered the United States on or about July 1949 for the purpose of working and residing in the United States although not then in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card or other valid entry document. The trial attorney did not press the charge stated in the order to show cause. Deportability solely on the lodged charge is established.

The respondent has applied for suspension of deportation pursuant

to section 244(a)(1) of the Immigration and Nationality Act, as amended. The evidence establishes that the respondent merits the discretionary relief of suspension of deportation except for the provisions of section 244(f) of the Immigration and Nationality Act which prohibit the application of section 244(a) "to an alien who * * * (3) is a native of any country contiguous to the United States". However, section 244(f) will not prevent the grant of suspension of deportation if the respondent can establish that he comes within the proviso thereto which reads that the Attorney General may in his discretion agree to the granting of suspension of deportation to an alien specified in clause (3) of this subsection if such alien establishes to the satisfaction of the Attorney General that he is ineligible to obtain a nonquota immigrant visa.

The question of the ineligibility of the respondent to obtain a nonquota immigrant visa rests upon whether he is excludable under section 212(a)(9) of the Immigration and Nationality Act because of conviction of a crime involving moral turpitude; and, if excludable, whether such excludability is forgiven under the petty offense provision of section 212(a)(9), as amended by section 13 of the Act of September 26, 1961, if such offense is classifiable as a misdemeanor under the provisions of section 1(3) of Title 18, U.S.C., by reason of the punishment actually imposed.

The respondent was convicted in the Municipal Court of Chicago, Illinois on August 28, 1957 of the offense of receiving stolen property and was placed on one year's probation. The information states that on August 2, 1957 the respondent did unlawfully and willfully buy in order to prevent the owner from again possessing her property, knowing the same to have been stolen, said property being of the value of $49 in violation of paragraph 492, Chapter 38, Illinois Revised Statutes of 1945. The Illinois Revised Statutes of 1945 read as follows:

> Every person, who for his own gain, or to prevent the owner from again possessing his property, shall buy, receive or aid in concealing stolen goods, or any thing, the stealing of which is declared to be larceny, or property, obtained by robbery or burglary, knowing the same to have been so obtained, shall be imprisoned in the penitentiary not less than one or more than ten years, or if such goods or other property or thing does not exceed the value of $15.00, shall be fined not exceeding $1,000 and confined in the county jail not exceeding one year.

However, the latter part of paragraph 492, Chapter 38, Illinois Revised Statutes was amended on July 5, 1957 to provide that if such goods or other property or thing does not exceed the value of

$50.00, he shall be fined not exceeding $1,000 and confined in the county jail not exceeding one year.

Section 1, Title 18, U.S.C.A., classifies offenses in three categories:

(1) any offense punishable by death or imprisonment for a term exceeding one year is a felony.

(2) any other offenses a misdemeanor.

(3) any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense.

Inasmuch as at the time of the commission of the offense on August 2, 1957 as well as at the time of the conviction on August 28, 1957, the amendment of July 5, 1957 to paragraph 492, Chapter 38, Illinois Revised Statutes was in effect, the respondent could have been convicted only under the amendatory Act of July 5, 1957, since the prior act was no longer in existence. Section 1(2) of Title 18, U.S.C.A., makes the offense for which respondent was convicted a misdemeanor, and as a result of the penalty actually imposed, the conviction is a petty offense as classified in 18 U.S.C.A. 1(3). The test of a petty offense under the amendatory provisions of section 13 of the Act of September 26, 1961 (75 Stat. 655) as well as the like predecessor statute, the Act of September 3, 1954 (Public Law 83-770), is that the statutory penalty must not exceed one year and that the actual punishment meted out by the court shall not be more than six months' imprisonment or $500 fine.[1] The exculpatory benefit of the petty offense provision of section 13 of the Act of September 26, 1961 is mandatory and automatic, not discretionary.[2]

The respondent is a native of Mexico but is not ineligible to receive a nonquota immigrant visa because he is a beneficiary of the petty offense provision of section 212(a)(9) of the Immigration and Nationality Act. He, therefore, cannot be granted suspension of deportation because of the bar of section 244(f) of the Immigration and Nationality Act. The respondent has been granted the privilege of voluntary departure in lieu of deportation. He should have no difficulty in obtaining the issuance of a visa inasmuch as his 1957 conviction is a conviction for a petty offense. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[1] Matter of C—O—, 8 I. & N. Dec. 488; Matter of H—, 6 I. & N. Dec. 614; Matter of T—, 6 I. & N. Dec. 508 (A.G., 1955).

[2] Matter of H—, 6 I. & N. Dec. 738.